UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEONARD R PINTO,<br><br>    Plaintiff,<br><br>v.<br><br>ARLO TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-03354-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF No. 37] |

Plaintiff Leonard R. Pinto brings this shareholder derivative suit against Nominal Defendant Arlo Technologies, Inc. ("Arlo" or the "Company") and six members of Arlo's board of directors ("Director Defendants") (collectively "Defendants") for allowing allegedly false and misleading statements to be made in relation to Arlo's August 2018 initial public offering ("IPO"). Plaintiff's Second Amended Verified Shareholder Derivative Complaint ("SAC") alleges three state causes of action for breach of fiduciary duty, waste of corporate assets, and unjust enrichment, as well as one federal cause of action under Section 21D of the Exchange Act for a private right of contribution. SAC ¶¶ 168-191, ECF No. 34.

Presently before the Court is Defendants' Motion to Dismiss ("Motion") the SAC on Rules 12(b)(1), 12(b)(6), and 23.1 grounds. *See generally* Mot. Dismiss ("Mot."), ECF No. 37. On July 28, 2022, the Court heard oral arguments from the parties. For the reasons raised on the record at the hearing and as set forth below, Defendants' Motion is GRANTED.

I.  **BACKGROUND**

    A.  **Factual Background**

Arlo is a provider of home security and monitoring systems whose products include Wi-Fi and LTE-enabled cameras, advanced baby monitors, and smart security lights. SAC ¶ 2.

On August 6, 2018, in anticipation of its IPO, Arlo filed its Prospectus with the SEC, which was incorporated into the Registration Statement for the IPO. *Id.* Plaintiff alleges that the Registration Statement was negligently prepared, contained untrue statements of material fact, omitted other facts necessary to make the statements not misleading, and not prepared in accordance with relevant rules and regulations. *Id.* ¶ 63. Plaintiff also alleges that each of the Director Defendants approved or permitted the false statements to be made in the Registration Statement and disseminated to the public. *Id.* ¶ 137.

After its IPO in August 2018, Arlo made several announcements and disclosures that indicated concerning trends in the Company's performance. *Id.* ¶¶ 90-118. By February 2019, Arlo's share price was trading under $4 per share, an approximately 75% decline from its IPO price. *Id.* ¶ 113. Following the poor post-IPO performance, several putative class action suits were filed in state and federal courts. Mot. 6.

### B.     Procedural History

On June 13, 2019, Plaintiff filed the initial Shareholder Derivative Complaint. ECF No. 1. Plaintiff is a current owner of Arlo stock and alleges that he did not make a demand on the Company board of directors to initiate this suit because such demand would have been futile. SAC ¶¶ 129, 132. All six Director Defendants were members of Arlo's seven-member board of directors at the time Plaintiff filed this derivative action. *Id.* ¶ 133.

On August 20, 2019, the Court ordered the present derivative action to be stayed pending the resolution of a related federal securities class action. ECF No. 21. This stay was lifted on April 8, 2021, after the final class settlement was approved in the related action. ECF No. 26.

On August 23, 2021, Plaintiff filed the current Second Amended Verified Shareholder Derivative Complaint, with slight modifications to the federal contribution claim. ECF No. 34; *see also* Mot. 7-8. On December 17, 2021, Defendants filed the instant Motion to Dismiss on Rule 12(b)(1), 12(b)(6) and 23.1 grounds.

### C.     Related Litigation

On January 22, 2019, plaintiff Spencer Wong filed a putative class action complaint against Arlo and related director defendants for violations of Sections 11 and 15 of the Securities

2

Act (the "Related Federal Action"). *See* Class Action Compl., *Wong v. Arlo Technologies, Inc., et al.*, Case No. 5:19-cv-00372-BLF (N.D. Cal. Jan. 22, 2019). On March 25, 2021, this Court approved the final class action settlement, with a later amended order and judgment on April 19, 2021. Am. Order Granting Pl.'s Mot. Final Approval Class Action Settlement, *Wong v. Arlo Technologies, Inc., et al.*, Case No. 5:19-cv-00372-BLF (Apr. 19, 2021), ECF No. 152.

In addition to the Federal Action, six putative securities class action lawsuits were filed against Arlo, which were subsequently consolidated in the Santa Clara County Superior Court (the "State Action"). Consolidated Compl., *In re Arlo Technologies, Inc. Shareholder Litigation*, No. 18CV339231 (Cal. Super. Ct. May 1, 2019).[1] The consolidated complaint in the State Action alleged violations of Sections 11, 12(a)(2), and 15 of the Securities Act for allegedly false or misleading statements in Arlo's Registration Statement. *Id.* The State Action was initially stayed pending resolution of the Federal Action but, following the Federal Action's settlement, it then proceeded to a dismissal on forum non conveniens grounds. Order re: Mot. Dismiss Forum Non Conveniens, *In re Arlo Technologies, Inc. Shareholder Litigation*, No. 18CV339231 (Cal. Super. Ct. Sept. 9, 2021). The State Action plaintiffs filed a Notice of Appeal on November 16, 2021. *See Pham, et al. v. Arlo Technologies, Inc., et al.*, No. H049577 (Cal. Ct. App. Nov. 23, 2021).

## II. DISCUSSION

Defendants move to dismiss the SAC for lack of subject matter jurisdiction, lack of derivative standing, and failure to state a claim. Mot. 1. For the reasons discussed below, the Court GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction and does not reach Defendants' other arguments. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[J]urisdiction generally must precede merits in dispositional order.").

As an initial point, both parties have requested judicial notice of various exhibits to their

---

[1] Defendants cite and summarize the status of the State Action in their motion (Mot. 2 n.1, 6-7), and the Court takes judicial notice *sua sponte* of the State Action's filings. *See Cherewick v. State Farm Fire & Cas.*, 2022 WL 80429, at *14 (S.D. Cal. Jan. 7, 2022) ("It is well-established that courts may take judicial notice of the pleadings, filings, and court records of any court.").

briefing. ECF Nos. 37-1; 40-1. The Court's opinion does not rely on any of the appended exhibits and, therefore, the Court DENIES both parties' requests as moot.

### A. Legal Standard

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint. *Id.* In a factual attack, the movant disputes the truth of allegations that otherwise would give rise to federal jurisdiction. *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* If the moving party presents evidence demonstrating the lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Id.*

### B. Lack of Subject Matter Jurisdiction

Plaintiff alleges that subject matter jurisdiction is proper before this Court because he asserts a federal claim (Count IV) pursuant to Sections 10(b) and 21D of the Exchange Act, which provide for a private right of contribution. SAC ¶ 11 (citing 15 U.S.C. § 78u-4(f)). Plaintiff also asserts that supplemental jurisdiction exists over his state claims. *Id.* (citing 28 U.S.C. § 1367).

#### i. Contribution from Related Federal Action

Although Section 21D of the Exchange Act provides a private right of action for contribution, that right relies on a "final judgment [being] entered in a private action" and the "trier of fact specifically determine[ing] that [the defendant in the private action] knowingly committed a violation of the securities laws." 15 U.S.C. § 78u-4(f)(2). Furthermore, if the underlying action settles "at any time before final verdict or judgment," the settling party "shall be discharged from all claims for contribution brought by other persons." 15 U.S.C. § 78u-4(f)(7).

First, Plaintiff acknowledged but did not oppose Defendants' argument that his contribution claim for the Related Federal Action is barred, appearing to concede the point. Opp.

1   20-21 (only addressing Defendants' contribution arguments as to State Action); s*ee Jones v.*
2   *Regents of Univ. of California*, No. 21-CV-07844-JSW, 2022 WL 1137089, at *2 (N.D. Cal. Apr.
3   18, 2022) (viewing plaintiff's "failure to oppose Defendants' arguments as a concession that those
4   claims should be dismissed"). Second, as pled in the SAC and established in § 78u-4(f)(7),
5   Plaintiff may not pursue a Section 21D claim for contribution from a settled party to a securities
6   action. S*ee* Corrected Judgment, *Wong v. Arlo Technologies, Inc., et al.*, Case No. 5:19-cv-00372-
7   BLF (Apr. 19, 2021), ECF No. 153; 15 U.S.C. § 78u-4(f)(7) ("A covered person who settles any
8   private action at any time before final verdict or judgment shall be discharged from all claims for
9   contribution brought by other persons."). To the extent Plaintiff seeks contribution from
10  Defendant McRae for damages from the Related Federal Action, Plaintiff's claim is barred by
11  Defendant McRae's settlement in that case. SAC ¶¶ 185-87.

        **ii.**    **Contribution from State Action**

13         To the extent Plaintiff seeks to assert a federal contribution claim against defendants
14  arising out of the State Action, Plaintiff's claim is not ripe. The SAC specifically emphasizes that
15  the State Action is "active." SAC ¶ 188. Federal courts have routinely dismissed Section 21D
16  contribution claims on ripeness grounds where the underlying private action that may give rise to a
17  contribution claim is still pending. *See, e.g.*, *In re Wells Fargo & Co. S'holder Derivative Litig.*,
18  No. 20-CV-08750-MMC, 2022 WL 345066, at *7 (N.D. Cal. Feb. 4, 2022) (dismissing Section
19  21D claim in part because it was "contingent upon the outcome of a separate, pending lawsuit");
20  *DiBattista v. Greco*, 2021 WL 327399, at *7 (D. Del. Jan. 31, 2021), adopted, 2021 WL 5061720
21  (D. Del. Feb. 17, 2021) ("[B]ecause Plaintiff is attempting to bring a contribution claim that is
22  contingent upon a finding of liability in the related Securities Action, the injury (and availability
23  of a contribution claim) depends upon the results in the related action, making the contribution
24  claim not ripe.") (internal quotation marks and brackets omitted) (quoting *Pall v. KPMG, LLP*,
25  2006 WL 2800064, at *3 (D. Conn. Sept. 29, 2006)).
26         In his opposition, Plaintiff does not rebut the federal cases Defendants cite but instead
27  relies on Delaware state court opinions for the proposition that "Delaware courts allow
28  contribution and indemnification claims to proceed along with the claims that will create liability."

Opp. 20-21 (quoting *In re Am. Int'l Grp., Inc.* ("*In re AIG*"), 965 A.2d 763, 803 (Del. Ch. 2009); citing *Pfeiffer v. Toll*, 989 A.2d 683, 708 (Del. Ch. 2010)). Be that as it may, those cases involve Delaware state courts opining on issues of Delaware state law, and neither bears upon this Court's Article III obligation to only adjudicate live cases or controversies. Opp. 20-21; *see, e.g.*, *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) ("Pursuant to Article III of the U.S. Constitution, federal courts can only adjudicate live cases or controversies.").

Because the SAC admits that the State Action is still "active" and thereby has not reached a final judgment (and indeed may very well settle), Plaintiff currently has no federal claim for contribution against Defendants McRae, Carter, Faison, and Summers arising from the State Action. SAC ¶ 188. Accordingly, Plaintiff's sole federal claim (Count IV) is barred as to contribution from the Related Federal Action and unripe as to contribution from the pending State Action. Plaintiff's Count IV is DISMISSED without prejudice.

### C.     Supplemental Jurisdiction

Because the Court has dismissed all claims over which it has original jurisdiction (*i.e.*, Count IV), it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Counts I, II, and III). *See* 28 U.S.C. 1367(C)(3). Plaintiff's Counts I, II, and III are DISMISSED without prejudice.

### D.     Leave to Amend

Although leave to amend is freely given, Fed. R. Civ. P. 15(a), "dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir.2008)) (citations and internal quotation marks omitted). Here, Plaintiff has requested leave to amend, but no factual amendment can remedy the ripeness defects or circumvent Section 21D's settlement bar. Accordingly, the Court DENIES Plaintiff's request for leave to amend.

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss the SAC is GRANTED. The SAC is DISMISSED without leave to amend and without prejudice.

Dated: August 8, 2022

_____
BETH LABSON FREEMAN
United States District Judge